UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NICHOLAS D. BROWN                                                                              PETITIONER

VERSUS                                                         CIVIL ACTION NO. 3:16CV697-CWR-RHW

SUPERINTENDENT EARNEST LEE et al                                                    RESPONDENTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Nicholas D. Brown filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on September 8, 2016.  Doc. [1].  He later amended the petition on September 12, 2016, and again on September 30, 2016.  Doc. [3] & [6].  Respondents have filed a motion to dismiss the petition based on Brown's failure to exhaust state remedies.  Doc. [10].  Brown did not file a response in opposition to the motion to dismiss.  Instead he has filed a motion to transfer the petition to state court.  Doc. [13].

On March 12, 2014, Brown entered a plea of guilty in Simpson County Circuit Court on charges of possession of codeine (Count I) and cocaine (Count II).  Doc. [10-1].  Initially Brown was placed in the Drug Court Program pursuant to the guilty plea; however, on April 22, 2015, the circuit court revoked Brown's non-adjudicated status because he failed multiple drug tests, provided an altered urine specimen, and failed to appear for a drug test.  Doc. [10-2] & [10-5].  Brown's guilty plea was accepted and the court sentenced Brown to serve a 16-year sentence on Count I and an 8-year sentence on Count II to run consecutively.  Doc. [10-5].

In his amended petition, Brown acknowledges that he has a post-conviction relief petition pending in the Simpson County Circuit Court.  Doc. [3] at 3.  The documents provided to the Court indicate that Brown filed a petition for post-conviction relief on October 29, 2015, in the

Simpson County Circuit Court. Doc. [10-6]. Respondents represent that this petition remains pending as of the date of the motion to dismiss. Doc. [10] at 3. On November 7, 2016, Brown requested that his case be transferred to state court stating that the "trial court has exclusive jurisdiction to determine the post conviction petitioner". Doc. [13]

### Law and Analysis

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that... the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In order to exhaust, prisoners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, the prisoner must present his claims before the state's highest court in a procedurally proper manner. *Id.* Exhaustion is accomplished by pursuing claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings. *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004).

Based on the representations of both Brown and Respondents, the undersigned finds that

2

Brown has not exhausted his state remedies.  Brown admits that he has a petition for post-conviction relief pending in circuit court.  Doc. [3] at 3.  In his original and amended petition, he indicated that he filed a petition in Simpson County Circuit Court but that he was "awaiting for response".  Doc. [1] at 3; Doc. [6] at 3.  Based on the foregoing, the undersigned recommends that the motion to dismiss should be granted.  Given that Brown apparently has a post-conviction petition filed in state court, the undersigned recommends denial of his request that this matter be transferred to the circuit court.

While Brown's failure to exhaust warrants dismissal of his federal habeas corpus petition, the decision by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005) provides federal district courts with the discretion to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court.  However, the Supreme Court in *Rhines* cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277.  Such a stay is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Id.*  Brown offers no explanation for his failure to exhaust.  In fact Brown apparently has filed a petition for post-conviction relief in state court and is merely awaiting a decision there before proceeding with his federal petition.  Brown's § 2254 petition was filed prematurely.

## RECOMMENDATION

The undersigned recommends that Respondents' [10] Motion to Dismiss be GRANTED and that Brown's 28 U.S.C. § 2254 petition be dismissed without prejudice for failure to exhaust state remedies.  The undersigned further recommends that Brown's [13] Motion to Transfer be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 15th day of March, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE